

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAR - 1 2019
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

KY CAO NGUYEN, §
　　　　　　　　　　　　§
　　　Petitioner, §
　　　　　　　　　　　　§
v. § No. 4:18-CV-022-A
　　　　　　　　　　　　§
KEN PAXTON, Texas Attorney §
General, §
　　　　　　　　　　　　§
　　　Respondent. §

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by petitioner, Ky Cao Nguyen, against Ken Paxton, Attorney General for the State of Texas, respondent. After having considered the petition and relief sought by petitioner, the court has concluded that the petition should be dismissed for lack of subject matter jurisdiction.

### I. FACTUAL AND PROCEDURAL HISTORY

By way of this petition, petitioner challenges his 2002 conviction for indecency with a child in Tarrant County, Texas, Case No. 0808407A, for which he was sentenced to 2 years' confinement pursuant to a plea bargain agreement. (Pet., Ex. C, doc. 1.)

### II. SUBJECT MATTER JURISDICTION

Generally, for this court to have subject matter jurisdiction over a claim(s) under § 2254, the petitioner must be "in custody" pursuant to the underlying conviction the subject of

the proceeding. *Lackawanna Cty. Dist. Att'y v. Coss*, 532 U.S. 394, 394 (2001); *Maleng v. Cook*, 490 U.S. 488, 492 (1989). A federal court lacks subject matter jurisdiction to entertain a § 2254 action if, at the time the habeas petition is filed, the prisoner is not "in custody" under the conviction and sentence he seeks to attack. *Maleng*, 490 U.S. at 490-91.

Obviously, petitioner's 2-year sentence was fully discharged years ago and he is not in custody under the 2002 conviction and sentence. Accordingly, he may not now challenge the conviction directly in a § 2254 petition. *Garlotte v. Fordice*, 515 U.S. 39, 45 (1995); *Maleng*, 490 U.S. at 492-93.

For the reasons discussed herein,

The court ORDERS that the petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2254 be, and is hereby, dismissed with prejudice for lack of subject matter jurisdiction.
The court further ORDERS that a certificate of appealability be, and is hereby, denied.

SIGNED March _1_, 2019.

JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE